IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PORTIA D. JENKINS,                        )
                                          )
              Plaintiff,                  )
                                          )
      v.                                  )          1:12CV1251
                                          )
CAROLYN W. COLVIN,                        )
Acting Commissioner of Social             )
Security,                                 )
                                          )
              Defendant.                  )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before this court for review of the

Memorandum Opinion and Recommendation ("Recommendation") filed

on February 2, 2015, by the Magistrate Judge in accordance with

28 U.S.C. § 636(b).  (Doc. 15.)  In the Recommendation, the

Magistrate Judge recommends that the Commissioner's decision

finding no disability be affirmed, that Defendant's motion for

judgment on the pleadings (Doc. 12) be granted, that Plaintiff's

motion for judgment on the pleadings (Doc. 10) be denied, and

that this action be dismissed.  The Recommendation was served on

the parties to this action on February 2, 2015.  (Doc. 16.)

Counsel for Plaintiff filed timely objections (Doc. 17) to the

Recommendation, and counsel for Defendant filed a response to Plaintiff's objections (Doc. 18).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

Plaintiff generally contends that she meets or medically equals Listing 12.05C, (see Pl.'s Objections (Doc. 17) at 1; Pl.'s Brief Supp. Mot. for J. on the Pleadings (Doc. 11) at 3-8), which provides that a person is disabled if that person demonstrates: (1) a showing of "deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22"; (2) a "valid verbal, performance, or full scale IQ of 60 through 70"; and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05; see also Hancock v. Astrue, 667 F.3d 470, 473 (4th Cir. 2012). The Administrative Law Judge ("ALJ") conceded that Plaintiff met the

- 2 -

second and third prongs of Listing 12.05C,[1] but the ALJ

ultimately concluded that Plaintiff did not meet the

requirements of the first prong because "the evidence of record

does not support a finding that the claimant has the requisite

adaptive deficits."  (Tr. at 22.)[2]

In support of this conclusion, the ALJ noted that Plaintiff

"generally earned Cs or better in eighth and ninth grades,"

"worked in several jobs in the textile industry," "worked at the

substantial gainful activity level performing foam-cutting tasks

in a foam fabrication plant," "was married twice and able to

raise two children," "can take care of her personal finances,"

and "was able to care for her elderly parents and currently

babysits her grandchildren."  (Id. at 22-23.)  Because of the

limited review that this court is required to undertake, this

court will not reweigh the evidence that supports and

contradicts the finding that Plaintiff did not demonstrate the

required adaptive deficits to meet Listing 12.05C.  See Hancock,

---

[1] The ALJ found that Plaintiff, in addition to borderline
intellectual functioning, had the following severe impairments:
"degenerative joint disease of her bilateral knees, degenerative
disc disease, obesity, asthma, an anxiety-related disorder, [and]
major depressive disorder."  (Tr. at 20.)  The ALJ also noted
that "intelligence testing . . . revealed IQ scores of 60
through 70."  (See id. at 22.)

[2] Transcript citations refer to the Administrative
Transcript of Record filed manually with the Commissioner's
Answer.  (Doc. 8.)

- 3 -

667 F.3d at 476.  This court agrees with the Magistrate Judge
that the ALJ's findings should not be disturbed on this point.
(See Recommendation (Doc. 15) at 9-12.)

However, the ALJ does not explain why it did not credit the
opinion of Gregory A. Villarosa, Ph.D., the consultative
psychological examiner who conducted an evaluation of Plaintiff
and found that (1) Plaintiff's current "Full-Scale IQ score of
70 indicates current functioning in the borderline range"; (2)
"[b]ased on [Plaintiff's] past academic and employment history,
premorbid intellect was estimated to be in the borderline or
worse range"; and (3) Plaintiff's "present results are
commensurate with expectations and do not appear to suggest any
appreciable change from prior functional abilities."  (Tr. at
231.)  These findings suggest that Plaintiff has demonstrated
borderline intellectual functioning along with "deficits in
adaptive functioning" that are consistent with that level of
intellectual functioning.

In her opinion, the ALJ recognized that Dr. Villarosa
diagnosed Plaintiff with, among other things, "borderline
intellectual functioning."  (Id. at 30.)  Moreover, the ALJ's
opinion indicates that there is at least some evidence to
support Dr. Villarosa's finding, that is, Plaintiff was enrolled

- 4 -

in special education classes in school, only completed the ninth

grade, and had low grades in elementary school.  (Id. at 22.)

Although this court will not reweigh the conflicting

evidence as to Plaintiff's deficits in adaptive functioning,

this court does evaluate whether the ALJ properly considered all

medical opinions on this point.  See 20 C.F.R. § 416.927(b).  As

a statement from a psychologist about the nature and severity of

Plaintiff's intellectual impairment, Dr. Villarosa's diagnosis

and report is a "medical opinion" that the ALJ must have

evaluated carefully.  See id. § 416.927(a)(2).  In evaluating Dr.

Villarosa's opinion, which the ALJ does in the section of her

opinion discussing Plaintiff's residual functional capacity, the

ALJ notes that Dr. Villarosa "opined that [Plaintiff's]

condition would result in some difficulty with work-related

activities due to problems with depression and anxiety as well

as limitations in general intellectual functioning."  (See Tr.

at 31.)  Then, in the same paragraph and after discussing the

findings of the State agency psychological consultants, the ALJ

concluded:

> These opinions are given significant weight because
> they are supported by the medical evidence of record,
> which reveals that [Plaintiff] has not gotten any
> significant mental health treatment. They are also
> supported by [Plaintiff's] activities of daily living,

- 5 -

> which include caring for children and helping her
> grandson with his homework.

(Id.)  Because this statement seems to be contrary to
Dr. Villarosa's findings, it does not appear that this statement
regarding the ALJ's confidence in the medical opinions is made
in relation to Dr. Villarosa's opinion.  Meanwhile, if the ALJ
did in fact assign significant weight to Dr. Villarosa's opinion,
it is not clear how the ALJ reconciled Dr. Villarosa's finding
that Plaintiff's "past academic and employment history"
indicates Plaintiff's "premorbid intellect was . . . in the
borderline or worse range," (id. at 231), with the ALJ's finding
that Plaintiff did not display deficits in adaptive functioning.

Defendant explains that the ALJ rejected Plaintiff's
argument that she met or medically equaled Listing 12.05C by
noting that Plaintiff was able to perform a number of daily
activities that the ALJ found to be inconsistent with borderline
intellectual functioning, such as performing foam-cutting tasks
in a foam fabrication plant, working at several positions in the
textile industry, and caring for her elderly parents and her
grandchildren.  (See Def.'s Mem. in Supp. of Mot. for J. on the
Pleadings (Doc. 13) at 7; see also Tr. at 22-29.)  However, this
argument does not explain how to interpret the ALJ's finding,
explained earlier, in which it is not clear whose opinions the

ALJ found persuasive and why.  Although it is a close call, this court finds that the ALJ's opinion does not sufficiently clarify whether Dr. Villarosa's opinion was persuasive or rejected and, if rejected, why that opinion was rejected.  "[I]t is the duty of the administrative law judge reviewing a case . . . to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Furthermore, this argument does not explain why the ALJ discounted the findings of Dr. Villarosa along with whether or how the medical evidence of record contradicts Dr. Villarosa's medical opinion.  As other courts have found, "the fact an individual is able to work, complete household chores, and raise a family is not inconsistent with mild mental retardation." Radford v. Astrue, No. 5:08-CV-421-FL, 2009 WL 1675958, at *6 (E.D.N.C. June 10, 2009); see also Shaw v. Astrue, No. 4:08-CV-132-D(2), 2009 WL 2486932, at *6-7 (E.D.N.C. Aug. 13, 2009) ("[The Diagnostic and Statistical Manual of Mental Disorders] and Listing 12.05(C) assume many, if not most, mildly mentally retarded individuals will be able to work. . . . Therefore, the fact that [a claimant] has a history of continuous employment in the past is irrelevant to whether he has subsequently become disabled due to the development of additional severe

- 7 -

impairments." (quoting <u>Muntzert v. Astrue</u>, 502 F. Supp. 2d 1148, 1158 (D. Kan. 2007) (alterations in original)).  Therefore, the fact that the ALJ referenced Plaintiff's activities of daily living and past work experience does not specifically address Dr. Villarosa's findings.  As such, Defendant's argument is unpersuasive.

Because the ALJ did not reconcile Dr. Villarosa's opinion with the ALJ's finding that Plaintiff lacked sufficient deficits in adaptive functioning and did not offer an explanation that would permit meaningful review without some degree of speculation, this court will remand for further proceedings pursuant to sentence four of section 405(g) of the Social Security Act, as incorporated by section 1631(c)(3), <u>see</u> 42 U.S.C. §§ 405(g), 1383(c)(3), so that the ALJ may further evaluate the opinion of Dr. Villarosa as it relates to the requirements of Listing 12.05C.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 15) is **ADOPTED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's decision finding no disability is **REVERSED** and that this matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings, consistent with this Memorandum Opinion and Order,

- 8 -

to determine whether Plaintiff had deficits in adaptive functioning that satisfy the disability listing in 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C, including, but not limited to, specifically addressing the opinion of Dr. Villarosa.  As a result, Defendant's motion for judgment on the pleadings (Doc. 12) is **DENIED** and Plaintiff's motion for judgment on the pleadings (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**, as this court declines to enter an immediate award of benefits.

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 3rd day of June, 2015.

_____
                United States District Judge